76980-10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE GUFFEY,

CASE NO. 3:14-CV-01469-TJC-JBT

Plaintiff,

v.

DILLARD'S, INC.

Defendant.

_______________________________/

**DEFENDANT'S AMENDED MOTION TO STRIKE PLAINTIFF'S TREATING PHYSICIAN/EXPERT WITNESS AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, DILLARD'S INC., by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby files this Amended Motion to Strike Plaintiff's Treating Physician/Expert Witness and Incorporated Memorandum of Law. In furtherance thereof, Defendant respectfully shows this Court as follows:

1. The instant matter arises from Plaintiff's claim of injury that was allegedly incurred at Dillard's on October 17, 2011, "when an unknown employee of Dillard's Inc., who was pushing a cart full of boxes suddenly, and without warning, struck Plaintiff in the calf area of her right leg," resulting in injury. (See Pl.'s Compl. at ¶ 7). As alleged by Plaintiff, "Defendant [is] vicariously liable for the negligent acts or omissions of its said unknown employee in the course of her employment with Defendant." (Id.).

2. On March 11, 2015, the Court entered a Case Management and Scheduling Order, which required Plaintiff to make expert disclosures on or before August 3, 2015, followed by Defendant's expert disclosures, on or before September 1, 2015.

3. Subsequently, on August 5, 2015, a Consent Motion for Enlargement of Deadlines was filed and the Court issued an Amended Case Management Order, which required Plaintiff to disclose her experts on or before October 15, 2015, followed by Defendant's expert disclosures on or before November 16, 2015.

4. Notwithstanding the above, it was not until October 30, 2015, that Plaintiff e-mailed her purported Treating Physician/Expert Witness Disclosure, which names James Militello, M.D., a "treating physician/expert witness." (See Plaintiff's Treating Physician/Expert Witness Disclosure, attached hereto as Exhibit "A"). Plaintiff did not attach a report to this disclosure, nor was this disclosure filed with the Court.

5. In light of Plaintiff's failure to timely disclose her treating physician/expert witness, in tandem with her failure to provide the required expert report, Defendant respectfully requests this Court to strike Dr. Militello as Plaintiff's treating physician/expert witness, or in the alternative, expressly limit Dr. Militello's testimony to opinions formed and based upon observations made during the course of treatment.

6. The undersigned hereby certifies, pursuant to Local Rule 3.01(g), that counsel for the parties have telephonically conferred in good faith with regard to the substance of this Motion. Despite conferring in good faith, counsel for the parties cannot come to an agreement as to the relief requested by Defendant. As such, counsel for the parties respectfully request this Court to enter a ruling upon Defendant's Motion to Strike Plaintiff's Treating Physician/Expert Witness and Incorporated Memorandum of Law.

WHEREFORE, in light of the above and the foregoing, Defendant, DILLARD'S, INC., respectfully requests this Court to enter an Order GRANTING the instant Motion,

thereby striking James Militello, M.D. as Plaintiff's treating physician/expert witness, or in the alternative, expressly limiting Dr. Militello's testimony to opinions formed and based upon observations made during the course of treatment.

**MEMORANDUM OF LAW**

In the present matter, there can be no reasonable dispute as to the untimeliness of Plaintiff's Treating Physician/Expert Witness Disclosure—the deadline set forth in the Amended Case Management Order was October 15, 2015, and Plaintiff's expert disclosures were not made until October 30, 2015.

Setting untimeliness aside, Plaintiff's expert witness disclosure is legally insufficient in that Plaintiff's treating physician/expert witness, Dr. Militello, is expected to provide testimony relative to causation and damages, but he has not prepared a report as required by Rule 26(a)(2)(B). Of particular concern, Plaintiff's disclosure indicates, in relevant part, as follows:

> "It is expected that Dr. Militello will opine that Plaintiff's right foot/lower extremity care and treatment since October 17, 2011 is casually related to the trauma sustained at Dillard's and he anticipates continuing to treat her for complications related thereto every six to eight weeks. It is also expected he will testify that the average cost of office visits with him are $275.00 and all charges since October 17, 2011 are reasonable and related to the Dillard's incident."

(See Exhibit "A").

As detailed below, such an opinion cannot be made in the absence of not only timely disclosure, but also, a report setting forth a complete statement of all opinions the witness will express and the basis and reasons for said opinions, along with the facts or data considered by the witness in forming said opinions, any exhibits that will be used to

summarize or support said opinions, the witness's qualifications, a list of cases in which the witness testified as an expert at trial or by depositions, and a statement of compensation. Fed. R. Civ. P. 26(a)(2)(B). Indeed, the above-captioned opinion arises from the purpose of litigation, which is far beyond and unrelated to routine care and treatment.

## I. PLAINTIFF'S TREATING PHYSICIAN/EXPERT WITNESS SHOULD BE STRICKEN AS UNTIMELY.

Complying with Rule 26 is "'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise.'" Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 2009 WL 1043974, at *3 (M.D. Fla. 2009) (quoting Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)). Where a party fails to provide information as required under Rule 26(a), Rule 37 authorizes the Court to sanction that party. See Fed. R. Civ. P. 37(c). Specifically, under Rule 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The party who fails to comply with Rule 26 bears the burden of showing its actions were either substantially justified or harmless. Weaver v. Lexington Ins. Co., 2007 WL 1288759, at *2 (M.D. Fla. 2007); see also, Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir.1998) (stating "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."). "Substantial justification requires justification to a degree that

could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact." Harrison v. Burlage, 2009 WL 3048687, at *3 (S.D. Fla. 2009) (quoting Chappie v. Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997)). Failing to comply with Rule 26 is "harmless" only when "there is no prejudice to the opposing party." In re Terazosin, 2005 WL 5955699, at *8 (S.D. Fla. 2005) (citing Ellison v. Windt, 2001 WL 118617 at *2 (M.D. Fla. 2001)).

In the present matter, Plaintiff is incapable of establishing substantial justification—i.e., a reasonable basis in law and fact—for her untimely expert witness disclosure. In fact, Plaintiff's untimely disclosure came after she was unable to comply with the initial deadline and was afforded an additional 60+ days in which to make her disclosures. Much unlike instances where there is some reasonable dispute as to whether Plaintiff was required to comply with the deadline, at issue in this case is simply a failure to meet the deadline set forth in the Court's Scheduling Order. Similarly, Plaintiff's late disclosure is not harmless, as Defendant has been prejudiced to the extent it is left with less than 30 days in which to make it expert disclosures, which must address not only Defendant's position, but also provide for the substance of Dr. Militello's anticipated opinions. As noted in the authority cited above, this is exactly why strict adherence to deadlines in the context of expert disclosures is "not merely an aspiration." Allowing Plaintiff's untimely disclosure of her "treating physician/expert witness," which is to Defendant's detriment, is in complete contravention of Rule 26 and case law interpreting the same.

Accordingly, under the facts of this case, striking Plaintiff's treating physician/expert witness is warranted, because "[p]reclusion is an appropriate sanction for a failure to comply with the witness disclosure requirements. Kendall Lakes Towers Condo. Ass'n, Inc., 2011 WL at *3 (citing Fed. R. Civ. Pro. 37(c)(1)); see also Halaoui v. Renaissance Hotel Operating Co., 2014 WL 6801807 at *1 (M.D. Fla. 2014) (excluding plaintiff's expert rebuttal report as untimely pursuant to Fed. R. Civ. Pro. 37(c)(1) when the report was submitted two days after the extended deadline for filing all expert reports). As such, Defendant respectfully requests this Court to strike Plaintiff's treating physician/expert witness, pursuant to Fed. R. Civ. Pro. 37(c)(1), as untimely.

## II. PLAINTIFF'S TREATING PHYSICIAN/EXPERT WITNESS SHOULD BE STRICKEN BECAUSE PLAINTIFF'S DISCLOSURE LACKS THE REQUIRED WRITTEN REPORT.

Federal Rule of Civil Procedure 26(a) sets forth requirements for disclosing expert testimony. See Fed. R. Civ. P. 26(a)(2). Parties must identify any witnesses they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26 differentiates between disclosures of witnesses who must provide a written report and those that need not submit a writing report. Compare Fed. R. Civ. P. 26(a)(2)(B) with Fed. R. Civ. P. 26(a)(2)(C). In sum, a written report of findings and opinions is required from a witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). When an expert is not required to provide a written report under subsection (B), the attendant disclosure is less onerous, requiring an identification of the subject matter on which the witness is

expected to present evidence and a summary of facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Although Defendant, as the moving party, bears the initial burden of showing a valid basis for striking Plaintiff's treating physician/expert witness, Plaintiff, as the party seeking to avoid the requirement of a written expert report, bears the burden of demonstrating that Rule 26(a)(2)(B) is inapplicable. See Cinergy Communications, Co. v. SBC Communications, Inc., 2006 WL 3192544, at *3 (D. Kan. 2006); Meredith v. Int'l Marine Underwriters, 2012 WL 3025139, at *5 (D. Md. 2012). Notably, in determining whether a Rule 26(a)(2)(B) report is required, *the label of "treating physician" is irrelevant*; instead, the determination turns on the substance of the physician's testimony. Singletary v. Stops, Inc., 2010 WL 3517039, at *6 (M.D. Fla. 2010); see also Brown v. Best Foods, 169 F.R.D. 385, 388 (N.D. Ala. 1996) ("The plaintiff cannot avoid the requirements of Rule 26 by simply indicating that [her] experts are plaintiff's treating physicians...Rule 26 focuses not on the status of the witness, but rather the substance of the testimony.") (internal citations omitted).

When a treating physician testifies regarding opinions "formed and based upon observations made during the course of treatment," the treating physician need not produce a written report. Singletary, 2010 WL 3517039 at *7; In re Denture Cream Products Liability Litigation, 2012 WL 5199597 (S.D. Fla. 2012) (citations omitted). If, however, a treating physician testifies on information gathered outside the course of treatment and the party does not file a Rule 26(a)(2)(B) report as to that testimony, it may be excluded. Id; see also Fielden v. CSX Transp., Inc., 482 F.3d 866, 870 (6th Cir.2007)

("When the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Fed.R.Civ.P. 26(a)(2)(B) requires the filing of an expert report from that treating physician."); Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (requiring a written report from treating physicians who give expert testimony beyond the scope of the treatment rendered and review information provided by attorneys in rendering their opinions); Meredith, 2012 WL 3025139, at *5 ("A witness must submit a report regarding any opinions formed specifically in anticipation of litigation, or otherwise outside the normal course of a duty."). Importantly, a treating physician may be subject to Rule 26(a)(2)(C) with respect to certain portions of his testimony, while at the same time, be deemed a retained expert who is subject to Rule 26(a)(2)(B) as to other portions of his testimony. Sullivan v. Glock, Inc., 175 F.R.D. 497, 500 (D. Md. 1997).

Consistent with the foregoing, the mere title "treating physician" does not carry the day for Plaintiff; instead, Plaintiff must show the substance of Dr. Militello's opinions do not require a written report. This is a burden Plaintiff cannot meet, as Dr. Militello's anticipated testimony involves opinions of specific causation and costs, which go well beyond opinions derived from ordinary care and treatment. Specifically, Plaintiff's expert witness disclosure indicates Dr. Militello will opine Plaintiff's right lower extremity care "is casually related to the trauma sustained at Dillard's" and that Plaintiff is in need of future care every six to eight weeks at an average cost of "$275.00." (See Exhibit "A"). Further, Plaintiff states Dr. Militello is expected to testify "all charges since October 17, 2011 are reasonable and related to the Dillard's incident." Id.

Rather than arising from or based upon treatment, Dr. Militello's anticipated opinion relative to causation reflects a departure from the substance of his records detailing Plaintiff's treatment. Therefore, to the extent Dr. Militello intends to offer any such opinion, Defendant is entitled to a full Rule 26(a)(2)(B) report to evaluate the basis of this opinion. Likewise, inasmuch as Dr. Militello intends to provide an opinion specific to future costs and the reasonableness/relation of past costs, Defendant is entitled to a complete written report detailing the same, as such opinions go beyond those ordinarily arising from treatment.

Despite the necessity of a report on these opinions, which were prepared for the purpose of litigation rather than routine treatment, no such report was disclosed. Because Plaintiff failed to provide a written report as to these opinions, Defendant respectfully requests this Court to strike Plaintiff's treating physician/expert witness, or in the alternative, expressly limit Dr. Militello's testimony to opinions formed and based upon observations made during the course of treatment. See Thomas v. Consolidated Rail Corp., 169 F.R.D. 1, 2 (D.Mass.1996) ("Many courts...have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis.").

**CONCLUSION**

As set forth herein, Dr. Militello, Plaintiff's treating physician/expert witness, should be stricken because: 1) Plaintiff unjustifiably failed to timely disclose Dr. Militello, resulting in unfair prejudice to Defendant; and 2) Plaintiff seeks to have Dr.

Militello offer opinions beyond the scope of observations made during treatment, but has failed to submit a written report as required by Rule 26(a)(2)(B). As an alternative to striking Dr. Militello and at a minimum, Defendant requests this Court to enter an order limiting Dr. Militello's testimony to opinions formed and based upon observations made during the course of treatment.

WHEREFORE, in light of the above and the foregoing, Defendant, DILLARD'S, INC., respectfully requests this Court to enter an Order GRANTING the instant Motion, thereby striking James Militello, M.D. as Plaintiff's treating physician/expert witness, or in the alternative, expressly limiting Dr. Militello's testimony to opinions formed and based upon observations made during the course of treatment.

Respectfully submitted,

WICKER, SMITH, O'HARA, MCCOY
& FORD, P.A.
Attorneys for Dillard's, Inc.
50 N. Laura St., Suite 2700
Jacksonville, FL 32202

By: */s/ Steven D. Paveglio*
Richard E. Ramsey
Florida Bar No.:715026
Steven D. Paveglio
Florida Bar No.: 98060

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 24th, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorney for Dillard's, Inc.
50 N. Laura St., Suite 2700
Jacksonville, FL 32202
Phone: (904) 355-0225
Fax: (904) 355-0226

By: *_/s/ Steven D. Paveglio_*
Richard E. Ramsey
Florida Bar No.:715026
Steven D. Paveglio
Florida Bar No. 98060

**SERVICE LIST**

Megan D. Searls, Esquire
Morgan & Morgan P.A.
76 South Laura Street, STE 1100
Jacksonville, FL, 32202
msearls@forthepeople.com