UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE GUFFEY,

      Plaintiff,

v.                                                          CASE NO. 3:14-cv-1469-J-32JBT

DILLARD'S, INC.,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Amended Motion to Strike Plaintiff's Treating Physician/Expert Witness ("Motion") (Doc. 26) and Plaintiff's Response thereto (Doc. 32).  For the reasons set forth herein, the Motion is due to be **DENIED**.

Defendant argues that James Militello, M.D., Plaintiff's "treating physician/expert witness," should be stricken as a witness because Plaintiff's expert disclosure was untimely and did not include an expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B).  (Doc. 26.)  Alternatively, Defendant requests that Dr. Militello's testimony be limited "to opinions formed and based upon observations made during the course of treatment." (*Id.* at 10.)  Plaintiff argues that the untimely disclosure was harmless, and that Dr. Militello is not required to provide an expert report under Rule 26(a)(2)(B) because he is a treating physician.  (Doc. 32.)  The Court will address each issue in turn.

## I.    Untimeliness of Disclosure

Federal Rule of Civil Procedure 37(c)(1) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The deadline for Plaintiff to disclose experts was October 15, 2015.  (Doc. 17 at 1.)  Dr. Militello, Plaintiff's treating podiatrist, was disclosed as an expert on October 30, 2015.[1]  (Doc. 26 at 2.)  Plaintiff concedes that her disclosure was untimely, but argues that this was harmless because Defendant was informed in 2014 that Dr. Militello was one of Plaintiff's treating physicians.[2]  (Doc. 32 at 1–2.)

The Court agrees that Plaintiff's untimely disclosure was harmless in this case. Dr. Militello was disclosed to Defendant as a treating physician in August of 2014 (Doc. 32-1 at 5–8), and it appears that Defendant subpoenaed records from Dr. Militello, through Health Park Podiatric Foot and Ankle Clinic, in October of 2014 (Docs. 32-2 & 32-3).  Moreover, regarding harm, Defendant argues only that the untimely disclosure was not harmless because Defendant was "left with less than 30 days in which to make expert disclosures," which were due by November 16, 2015.

---

[1] The disclosure is dated November 30, 2015.  (Doc. 26-1 at 2.)  However, this appears to be a typographical error because the parties agree that the disclosure was provided on October 30, 2015.

[2] Dr. Militello is associated with Health Park Podiatric Foot and Ankle Clinic.  (Doc. 32 at 2.)

(Doc. 17 at 1, Doc. 26 at 5.)  However, without requesting an extension of time to do so, Defendant timely disclosed its own podiatric expert, Dr. James Losito, who specifically considered Dr. Militello's records in his report.  (Doc. 23-1.)  Dr. Losito opined that "more likely than not, no significant injury occurred" to Plaintiff as a result of the incident at issue.  (*Id.* at 2.)  Other than Defendant's conclusory assertion, which rings hollow, there is no indication that Dr. Losito was hampered in rendering his opinions by the late disclosure of Dr. Militello's opinions.  Therefore, Plaintiff's untimely disclosure was harmless and Dr. Militello will not be stricken as a witness pursuant to Rule 37(c)(1).[3]

## II.   Failure to Provide Expert Report

Rule 26(a)(2) provides in relevant part:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--*if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony*. . . .

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the

---

[3] Defendant does not request any other sanction available under Rule 37(c)(1) for Plaintiff's untimely disclosure.

witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2) (emphasis added).

Subsection (a)(2)(C) of Rule 26 was added in 2010 to clarify the disclosure required of non-retained experts. The Advisory Committee notes to the 2010 Amendment of Rule 26(a)(2)(C) explain the amendment, and specifically mention "physicians or other health care professionals" as examples of experts who are *not* required to provide a report:

Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702,

4

> 703, or 705.  Frequent examples include physicians or
> other health care professionals . . . .  Parties must identify
> such witnesses under Rule 26(a)(2)(A) and provide the
> disclosure required under Rule 26(a)(2)(C).  The (a)(2)(C)
> disclosure obligation does not include facts unrelated to
> the expert opinions the witness will present.

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. "Although not binding, the  interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation and internal quotation marks omitted).

However, despite this amendment, "a treating physician can . . . be considered a retained or specially employed witness, under certain circumstances." *Kondragunta v. Ace Doran Hauling & Rigging Co.*, Case No. 1:11-cv-1094-JEC, 2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013).  Both the rule and the Advisory Committee note make clear that Rule 26(a)(2)(C) applies only if Rule 26(a)(2)(B) does not apply.  Therefore, a treating physician who may otherwise fall under Rule 26(a)(2)(C) must provide an expert report pursuant to Rule 26(a)(2)(B) if the physician is "retained or specially employed to provide expert testimony."

Plaintiff argues that disclosure of Dr. Militello pursuant to Rule 26(a)(2)(C) is appropriate because he "has always been Plaintiff's treating podiatrist" and "was never retained or specially employed to provide expert testimony in this case." (Doc. 32 at 2–3.)  Defendant contends that a report pursuant to Rule 26(a)(2)(B) is

required because "Dr. Militello's anticipated testimony involves opinions of specific causation and costs, which go well beyond the opinions derived from ordinary care and treatment." (Doc. 26 at 8.) The Court disagrees. Opinions regarding causation, the need for continued treatment, and the reasonable cost thereof may be formed during the course of treatment, and do not automatically convert a treating doctor into "one retained or specially employed to provide expert testimony" within the meaning of Rule 26(a)(2)(B). *See Kondragunta*, 2013 WL 1189493, at *12 ("Accordingly, if a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required, albeit the Subsection C report discussed above will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required.") (citations omitted).

In light of the addition of subsection (a)(2)(C) to Rule 26, and the Advisory Committee notes explaining same, the Court finds persuasive the cases holding "that a treating physician may testify regarding injury causation, diagnosis, prognosis, and extent of disability, without providing a written report pursuant to *Rule 26(a)(2)(B)*, so long as the treating physician's opinion was formed and based upon observations made during the course of treatment." *Jensen v. Carnival Corp.*, Case No. 10-24383-CIV-GRAHAM/GOODMAN, 2011 U.S. Dist. LEXIS 108727, at *3 (S.D. Fla. Sept. 25, 2011) (emphasis omitted). There is no indication in Plaintiff's

disclosure (Doc. 26-1) that Dr. Militello is relying on any matters outside of his records and treatment, and Defendant does not point to any such indication. Plaintiff's disclosure states in part: "The subject matter of expected testimony of Dr. Militello will be based solely on his opinions formed during his own medical records [sic], observations, care and treatment of the Plaintiff from before the October 17, 2011 incident at Dillards to the present." (*Id.* at 1.)  To the extent some courts may still require expert reports post the 2010 amendment from treating doctors simply because they render a causation or cost opinion, the Court does not find these cases persuasive.  Therefore, Plaintiff is not required to produce an expert report for Dr. Militello, and the Court will not limit Dr. Militello's opinions as previously disclosed.  (Doc. 26-1.)

Accordingly, it is **ORDERED**:

The Motion (**Doc. 26**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on December 29, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record